IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CANOPIUS US INSURANCE, INC.,<br>          Plaintiff, | CIVIL ACTION |
| v. | |
| FRANK THAN d/b/a FRANK'S<br>HARDWOOD FLOORS, PHUONG<br>NGUYEN, TRANG NGO, and TONA<br>NGUYEN,<br>          Defendants. | NO. 11-6967 |

**DuBois, J.**                                                                                                    **March 12, 2013**

<u>**M E M O R A N D U M**</u>

## I.  INTRODUCTION

This case arises out of an insurance dispute between plaintiff Canopius US Insurance, Inc. ("Canopius") and defendant Frank Than d/b/a Frank's Hardwood Floors.  Canopius filed a Complaint seeking a Declaratory Judgment that it has no duty to defend or indemnify its insured Frank's Hardwood Floor in a consolidated lawsuit filed in the Philadelphia County Court of Common Pleas filed by Phuong Nguyen, Trang Ngo, and Tona Nguyen against Frank's Hardwood Floors for personal injuries sustained at a construction site.

Canopius now moves for summary judgment and seeks a declaration that it has no obligation under the insurance policy to defend or indemnify Frank's Hardwood Floors in the state court case.  Tona Nguyen filed a response to the motion, but Frank's Hardwood Floors, Phuong Nguyen, and Trang Ngo did not.  For the reasons set forth below, the Court grants Canopius' Motion for Summary Judgment, and enters judgment in favor of Canopius and against Frank Than d/b/a Frank's Hardwood Floor, Phuong Nguyen, Trang Ngo, and Tona Nguyen.

**II.     BACKGROUND**

    A.     <u>Factual Background</u>[1]

Canopius issued Commercial General Liability Policy No. ACE0000215 to Frank's Hardwood Floors on July 19, 2010.  (Plaintiff's Statement of Undisputed Facts ("Pl. SOUF") at ¶ 5.)  The policy covers bodily injury, but it has two relevant exclusions. First, it does not cover bodily injury to "an employee of the insured arising out of and in the course of (1) employment by the insured or (2) performing duties related to the conduct of the insured's business" and it does not cover such injuries to the "spouse" of such an employee.  (Pl. Ex. D at 22-23.)  "Employee" is defined as including a "leased worker, temporary worker, casual labor or volunteer worker." (<u>Id.</u> at 13.)   Second, the insurance policy does not cover, <u>inter alia</u>, bodily injury to "independent contractors," who are defined as "(1) any contractor, self-employed contractor, subcontractor or any employee, leased worker, temporary worker, casual labor or volunteer help of same [or] (2) the spouse" of such a person.  (<u>Id.</u> at 18.)

On July 20, 2010, an explosion occurred at 3130 North 16th Street Philadelphia, Pennsylvania, where Frank's Hardwood Floors was performing floor restoration.  (Pl. SOUF at ¶¶ 1, 12, 19.)   Defendants Phuong Nguyen and Tona Nguyen were performing work for Frank's Hardwood Floors at that site and were injured in the explosion.  (<u>Id.</u> at ¶¶ 1, 12, 19.)   Phuong Nguyen and his wife Trang Ngo filed a negligence action against Frank's Hardwood Floors in the Philadelphia County Court of Common Pleas for injuries sustained in the explosion.  (<u>Id.</u> at ¶¶ 1, 3.)  In their Amended Complaint, they allege that Phuong Nguyen was an "independent contractor" hired by Frank's Hardwood Floors to perform work on the floor at the time of the

---

[1] As required on a motion for summary judgment, the facts set forth in this Memorandum are presented in the light most favorable to defendants, the non-moving parties.

2

explosion.  (Id. at ¶ 12.)   Tona Nguyen filed a separate suit in the Philadelphia County Court of Common Pleas for injuries sustained in the explosion.  (Id. at ¶ 17, 19.)   In his Complaint, he alleges that he was "performing duties on behalf of, at the instruction or and as an agent of" Frank's Hardwood Floors.  (Pl. Ex. J at ¶ 7.)   Tona Nguyen also alleges that Frank's Hardwood Floors had entered into a contract with the property owners to do, inter alia, floor refinishing and that he was performing a "floor refinishing project" at the time of the explosion.  (Id. at ¶ 6, 8.) The two cases were consolidated on August 7, 2012 in the Philadelphia County Court of Common Pleas.

After a review of the factual allegations in the two lawsuits, Canopius informed Frank's Hardwood Floors that it would not provide a defense or indemnification in the two state court lawsuits.  (Pl. SOUF at ¶¶ 14, 22.)   Canopius based the decision on its determination that, at the time of the explosion, Phuong Nguyen and Tona Nguyen were either employees or independent contractors, as defined in the policy, and as such were excluded from coverage.  (Id.)   Frank's Hardwood Floors disputed that determination and requested that Canopius file a Declaratory Judgment action in this court to resolve the dispute.  (Id. at ¶ 15.)

  B.     Procedural Background

On November 7, 2011, Canopius filed a Complaint with this Court.   On June 8, 2012, Canopius filed an Amended Complaint.   Both Frank's Hardwood Floors and Tona Nguyen filed Answers, but Phuong Nguyen and Trang Ngo failed to do so, and defaults were entered as to each of them on August 13, 2012.   On October 9, 2012, Canopius filed a Motion for Summary Judgment.   On October 23, 2012, Tona Nguyen filed a response to the motion.   Frank's Hardwood Floors did not file a response to the motion for summary judgment.

**III.   LEGAL STANDARD**

In considering a motion for summary judgment, "the court is required to examine the evidence of record in the light most favorable to the party opposing summary judgment, and resolve all reasonable inferences in that party's favor."  Wishkin v. Potter, 476 F.3d 180, 184 (3d Cir. 2007).  The party opposing the motion, however, cannot "rely merely upon bare assertions, conclusory allegations or suspicions" to support its claim.  Fireman's Ins. Co. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982).  After examining the evidence of record, a court should grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

A factual dispute is material when it "might affect the outcome of the suit under the governing law" and genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted).

**IV.   DISCUSSION**

Canopius argues that defendants Phuong Nguyen and Tona Nguyen are excluded from coverage under the insurance policy exclusions for either employees or independent contractors. First, Canopius argues that Phuong Nguyen identified himself as an independent contractor in his Amended Complaint in state court, which would preclude coverage.  Further, Canopius states that Phuong Nguyen and Tona Nguyen fall within the definitions of either employees or independent contractors, for whom there is no coverage.  Finally, Canopius argues that Trang Ngo is the

spouse of Phuong Nguyen and therefore also falls within the policy exclusions.

Tona Nguyen responds that he was not an employee of or independent contractor for Frank's Hardwood Floors because (1) Frank's Hardwood Floors represented that it would pay $120 a day for Tona Nguyen's "assistance" but he was not paid after three days of "assistance;" (2) he was not trained and did not have an experience in hardwood floor installation/refinishing; (3) he did not fill out a W-4 form; and (4) there was no employment contract between himself and Frank's Hardwood Floors.  (Def. Ex. A at ¶¶ 4, 5, 7, 8, 9, 20.)  Tona Nguyen concedes that he "assisted" Frank's Hardwood Floors with a few jobs beginning three days before the explosion, (Def. Ex. A at ¶ 6.), but argues that he was not paid by Frank's Hardwood Floors and thus does not fall within any of the policy exclusions for employees or independent contractors.

A determination of coverage under an insurance policy is a question of law to be decided by the court.  PECO Energy Co. v. Boden, 64 F.3d 852, 855 (3d Cir. 1995).  In interpreting an insurance contract, the court must attempt to "ascertain the intent of the parties as manifested by the language of the written instrument."  Madison Constr. Co. v. Harleysville Mut. Ins. Co., 735 A.2d 100, 106 (Pa. 1999).  "When a term in an insurance policy is ambiguous ... and the intention of the parties cannot be discerned from the face of the policy, the court ... may look to extrinsic evidence of the purpose of the insurance, its subject matter, the situation of the parties, and the circumstances surrounding the making of the contract."  Pacific Indemnity Co. v. Lynn, 766 F.2d 754, 761 (3d Cir. 1985).  Moreover, an ambiguous policy provision is to be construed in favor of the insured and against the insurer.  Madison Const. Co., 735 A.2d at 106.  When, however, the language of an insurance policy is clear and unambiguous, a court is required to give effect to that language.  Id. (citing Gene & Harvey Builders v. Pennsylvania Mfrs. Ass'n, 517 A.2d 910, 913 (Pa. 1986).  The general rule is that an insured must demonstrate that a claim is covered by the

policy, and an insurer must prove the applicability of any policy exclusions.  New Castle County v. Hartford Accident and Indemnity Co., 933 F.2d 1162, 1181 (3d Cir. 1991).

In this case, the insurance policy exclusions are not ambiguous.  First, the policy excludes coverage for bodily injury to "an employee of the insured arising out of and in the course of (1) employment by the insured or (2) performing duties related to the conduct of the insured's business."  (Pl. Ex. D at 22-23.)  An employee, in turn, is defined as including a "leased worker, temporary worker, casual labor or volunteer worker."  (Id. at 13.)  The exclusion for independent contractors includes "any contractor, self-employed contractor, subcontractor or any employee, leased worker, temporary worker, casual labor or volunteer help of same."  (Id. at 18.)  Finally, both exclusions preclude coverage for claims from, inter alia, spouses of the excluded persons.  (Id. at 18, 23.)

Phuong Nguyen alleges in his Complaint that he was an independent contractor performing work on hardwood floors on behalf of Frank's Hardwood Floors at the time of the explosion.  He therefore falls under the independent contractor exclusion.  Further, Trang Ngo's loss of consortium claim is premised on her status as the spouse of Phuong Nguyen, which also places her within the same policy exclusion.

Tona Nguyen concedes that he was performing floor refinishing at the property on behalf of Frank's Hardwood Floors at the time of the explosion.  He argues that he did not receive payment for his services and, as a result, he was neither an employee nor an independent contractor.  He next argues that he was not volunteering his work because he expected to be paid.  But whether or not Tona Nguyen was paid for his services is immaterial because the definition of "employee" in the insurance policy includes "volunteer worker."  Further, the Court need not decide whether Tona Nguyen was an employee (paid or volunteer) or an independent contractor

because he admittedly was doing work for Frank's Hardwood Floors at the time of explosion and therefore falls under the policy exclusions for employees or independent contractors.

Because Phuong Nguyen and Trang Ngo were either employees or independent contractors, as defined in the insurance policy, and Trang Ngo was the spouse of Phuong Nguyen, Canopius has no duty to defend or indemnify Frank's Hardwood Floors in the consolidated lawsuit pending in Philadelphia County Court of Common Pleas filed by Phuong Nguyen, Trang Ngo, and Tona Nguyen.

## V.   CONCLUSION

For the reasons set forth above, Canopius' Motion for Summary Judgment is granted. Judgment is entered in favor of plaintiff Canopius and against defendants Frank Than d/b/a Frank's Hardwood Floors, Phuong Nguyen, Trang Ngo, and Tona Nguyen.   The Court determines that Canopius has no duty to defend or indemnify Frank Than d/b/a Frank's Hardwood Floors in Civil Action #110200671 filed by Phuong Nguyen and Trang Ngo, and Civil Action #111101267 filed by Tona Nguyen, in the Philadelphia County Court of Common Pleas.

An appropriate order follows.